Good morning, Your Honors. May it please the Court, my name is Corey Parker, and I represent the appellant Daniel Longan. Your Honor, the first certified issue before this Court is whether the non-public hallway voir dire of a juror and the non-public striking of another was trivial and constitutes an administrative jury matter that does not implicate the values served by the right to a public trial. Did you represent the defendant at trial? I did not, no. Did his counsel tell the trial judge that the defendant had no objection to having this discussion in the hallway? He did. He did in the hallway stated that I've spoken with my client, he had no objection. The judge said that they would put that on the record, and they did not put that on the record. Now, that's the primary issue is that this was never put on the record. The other major issue is that the second juror was excused without any discussion about waiver. And even the district court, if we get to the waiver issue, even the district court determined that the record suggests that Petitioner was never afforded an opportunity to object to the closure in regard to the striking of a second prospective juror. I thought this lasted about two minutes in the hallway for both of these jurors. Is that correct? That is correct. And wasn't the defendant represented by counsel in these discussions? The defendant was represented. In the hallway? He was, correct. Yes. Presley v. Georgia, the United States Supreme Court acknowledged that the right to a public voir dire process is well established under both the First and Sixth Amendments. The striking of a juror during a non-public hallway voir dire, for whatever reason, is a vital part of voir dire. It directly impacts the composition of the defendant's jury. Now, I want to specifically Well, yeah, the first juror wanted, it was the first juror who said he had a private matter she wanted to discuss with the court and counsel, right? That's how it all came about. That is correct. And that happens all the time. Well, I will distinguish, Your Honor. I can't tell you how many times I had sidebar conferences with prospective jurors outside the presence of the defendant and the public. And I would agree with that, Your Honor, as it pertains to peremptory challenges, as it pertains to No, I'm talking about voir dire. Jurors say, Judge, I would tell the jurors when I was trying cases in the state court and in district court, if there's something confidential that you would prefer not to disclose to the public or to your co-jurors, let me know, and we'll take your answer at the sidebar. And I understand Outside the presence. And the defendant, just like here, I mean, assuming this happened, was advised he could, I'd let him come up to the sidebar and listen or counsel would report back or we'd have mics going back and forth. I just, it's very common. I don't understand. Your Honor, I think an instructive case here is United States v. Cesares, which is a case that this circuit took up where in that case the voir dire took place in the jury room. The attorney was there as well. And this district court, the district court rather, stated that its practice generally, as you've said, especially in longer cases, was to conduct hardship voir dire in the jury room. But this court said, looking at that case, which is very similar to the case at hand, remarkably similar, that had any of the defendants asserted their rights to a public trial, the reason stated by the district court for holding most of the voir dire in private would not be sufficient to avoid a public trial, were violated. That was this court that, and the difference with that case is that in that case those defendants individually consented. Right on the record. This juror, as I understood it, wanted to just share her reason, whatever it was. It's a confidential matter. Does she prefer to keep confidential? The issue, though, Your Honor, was that. Was her answer. I mean, I just. Your Honor, the issue which goes to the heart of public trial is that a second juror in that same non-public hall was stricken without any discussion at all. The judge simply said, sua sponte, and I'm going to excuse this juror. I think that he's having trouble hearing. That's the crux of the issue. The reason we have public trials is to avoid potential corruption. Now, assuming for the sake of argument that this judge was corrupt, that this judge personally knew that juror, that this judge had a bone to pick with the defendant, what kind of precedent would we set if a judge would just go into a back room and say, I'm going to excuse this juror without ever addressing it subsequent on the record with the defendant, without any sort of discussion? And so, Your Honor, I would distinguish the point that you're making, and I understand your point, and I understand this does happen in routine practice, but I would distinguish the administrative, peremptory challenge, discussions about evidentiary rulings, et cetera, versus the actual composition of a jury. Presley v. Georgia discusses the importance of the voir dire process. It goes directly to the lack of fairness and transparency that a public trial is intended to prevent. Now, there's three district court findings that can be distinguished here. So let me ask you this. So as Judge Royal pointed out, this consumed a matter, a total of about two minutes, according to the transcript, right? Correct. And with respect to this one juror, it was about 30 seconds, maybe even less than that, the second one. Why isn't it just trivial? Your Honor, because so first of all, there are cases. I mean, I know there's the weighty constitutional issues. Correct. I'm not making light of it, but this is really minor. Your Honor, there's a number of cases that ---- What do you say to that? I mean, the Second Circuit sort of addressed this issue in a very thoughtful opinion. Understood, Your Honor, and it seems as though, first of all, duration is not dispositive of the issue. There's case law that says that that's the case, and I understand your point, but we're talking about questioning a juror's fitness to serve, and that's the issue here. And so if you look at three cases that the district court cited, United States v. Ivestor, Braun v. Powell, and Peterson v. Williams, in all of those cases, there was no juror that was actually stricken. One was a discussion about the safety of the jurors in the Ivestor case. In the Braun v. Powell, there was an exclusion of a single juror that was previously excused, that they didn't want. So they had a justifiable reason. Well, you know, here the judge said it looks like this juror is having a hard time hearing. I'm going to excuse him. And, Your Honor ---- He said that to the counsel, and the counsel said he asked the prosecutor, and the prosecutor said okay. He asked the defense counsel, and the defense counsel said basically okay, and excused the juror. What could be more fundamental to the role of a juror than being able to hear? I mean, that's essential, isn't it? And my counterargument to that, Your Honor, and it's a fair question, is that these days, or even at that time, there was ample technology to accommodate someone. There was no question of can this person potentially have a hearing device? There's no limit to that in the record. I don't think we have that in my courtroom. I don't know what the facilities are in that. I don't think there's anything in the record related to that. And the problem, though, Your Honor, is that there was nothing in the record related to this juror's hearing. For all we know, the judge confused this juror with another juror. We don't know because it was not in the record. There was no discussion. And that is what the public trial is about, to flush these issues out. It holds the judge accountable. It holds all the parties accountable. And it goes to the four factors in Waller v. Georgia to ensure a fair trial, to remind the prosecutor and judge of their responsibility, to encourage witnesses to come forward, to discourage perjury. How can we do that if a judge can just simply excuse someone without consulting with anybody, without it being in the view of the public? Without being consulted with counsel. And, again, the district court agreed that the record suggested that Petitioner was never afforded the opportunity to weigh in on this on whether or not he wanted to be there. And I clarify that in the brief, but it's clear that there was no indication that my client was told by his counsel that he had a right to attend the hallway voir dire. And per Weaver, a very recent Supreme Court case, they addressed that there has to be, the defendant has to be given and instructed his right to a public trial. Unfortunately, the video was not admitted. The district court wouldn't let that in. But there was a fleeting moment. There's no way that all of those discussions about public trial could have been imparted to my client before they went back to discuss it. So I really am asking this court to distinguish this case from the other cases. And, again, to compare it to the Cesar's case, which this circuit specifically ruled on, where this court specifically said, hey, if these defendants didn't consent to this, we would have had a problem with this. We would have essentially reversed. The district court's findings there were just, hey, it'll just be easier and nobody will be able to hear us. If people don't get the idea that people are getting out, it may keep it down to a reasonable number. These were unjustifiable reasons articulated by the judge that this court agreed were unjustifiable reasons, that this court agreed would have been reversed, that the right to public trial would have been violated if these individual defendants didn't consent. Here in Longin's case, we don't have individual consent. We don't have Mr. Longin consenting on the record. And we have no articulation of why they went as it pertains to the second juror. Certainly I understand the health issue of the first juror. Certainly I understand in routine practice. We don't want to embarrass that juror. That's understandable and conceded to some extent. But the fact that a juror was excused is an issue that this court should address. And the last point I'll make is the Supreme Court and this court has not made a determination as to whether or not an attorney can actually waive the right to public trial for their client. And that's an interesting question that I hope this court will consider. Thank you. Thank you. May it please the Court. John Sampson, Assistant Attorney General for the Respondent Appellee. Addressing two of the points that counsel has just argued about. First, counsel argued that the trial judge never struck the two jurors on the record. And that's incorrect. Excerpts of Record 266, the judge specifically indicated on the record in public court the various jurors that were struck, including Juror Wood and Juror Tipton. Counsel has also argued that there is no evidence in the record regarding the hearing difficulties of Juror Tipton. And it's not in the excerpts of Record, but it is in the District Court Record, Clerk's Record 16, Exhibit 41, which is the trial transcript for the voir dire. At pages 25 to 27, page 54, page 72 to 73, and page 96 of Exhibit 41 of the State Court Record, the juror repeatedly indicated he was having difficulty hearing, even when provided with a hearing device by the court. And he repeatedly would either give an incorrect answer to a question not asked, or he would flat out say, I cannot hear you. As to the issues before the court, this court may affirm for any one of three reasons. First, Mr. Longin never invoked the right of public trial, similar to not invoking the right of self-representation. Since he never invoked the right, he cannot show a constitutional violation. Number two, any closure in this case, if one occurred, was trivial in nature. And three, the State Court decision in this case was a reasonable application of existing Supreme Court precedent. As to the failure to invoke the right, the State submits that this right is like many constitutional rights. And the Supreme Court in Levine v. United States specifically said the public trial right is a right that must be invoked in order to show a constitutional violation. In that case, the court dealt with the due process public trial right attaching to a contempt proceeding. But this court in Rivera v. United States has recognized that the rationale from Levine also applies to the Sixth Amendment right. And the Supreme Court has also indicated in the Peretz case, which dealt with a magistrate judge conducting voir dire, in violation of the Article III right to an Article III judge, that if the defendant doesn't invoke the right, there is no constitution. The court said the constitutional analysis changes. And the State's position is, if you don't invoke the right, if you don't say you're violating my right to an open trial and give the trial judge an opportunity to open the courtroom, then the same with a defendant sitting silent while he's represented by counsel throughout the trial cannot later say I was denied the right. Could you just clarify for me again, when was the first time this issue was raised in the State Court? It was raised on direct appeal in a pro se brief, Your Honor. And it was dismissed or denied on direct appeal by the Court of Appeals because the trial court record on appeal to that court did not prove that the hallway was closed to the public. That's right. That's right. I forgot about that. And that's our third point, is that the State Court— There was no procedural bar here. No, Your Honor. We're not asserting any type of procedural bar. What we're saying is that as a matter of federal law, like a right to self-representation, like the right to confrontation, like the Fifth Amendment right to an attorney when you're being interrogated by the police, the defendant must affirmatively invoke that right to take advantage of that right. If the defendant does not invoke that right, there is no violation. Did anybody tell him he had the right to say I want all this on the open record? Your Honor, there's not— Did the court tell him that? No, Your Honor. Mr. So-and-so, we're going to go step in the hallway. If you object to that, we can conduct this all in open court. Not exactly, Your Honor. What the court said is we're going to step into the hallway with the juror, and when they got in the hallway, the judge asked the attorney if this was okay that the defendant was not present. There was never any discussion about the right to a public trial, but there was a discussion about the conversation occurring in the hallway. There was a discussion about the defendant not being present. The defendant's attorney on Excerpts of Record 263 said the defendant had no objection, and the defendant confirmed that on the record in Excerpts of Record 259. Mr. Sampson, are you taking the position that the right to a public trial is only the right of the defendant and not of the public? No, Your Honor. I do not say that. But the right under the First Amendment by the public and the press is not at issue in this particular case because the press is not complaining about it, the public's not complaining about it. The Supreme Court most recently in Weaver v. Massachusetts reaffirmed that the right of the defendant comes under the Sixth Amendment. And so if the court had done this and a member of the press had objected and said, then the issue would be before the court. And I would point out that in Press Enterprise as well as in Waller and Presley, those all dealt with cases where there was an objection to the closed proceeding. The Supreme Court has never said that a proceeding conducted in private without an objection is a constitutional violation. So if this court were to look at the claims under 2254D and even say that the failure to invoke doesn't prevent him from proceeding with the claim, it cannot be an unreasonable application of clearly established federal law if there is no Supreme Court case that said this is an error. On the record, is there a consent by Longan to the private interrogation of the second witness, I mean the second juror, who had the hard hearing? There is no consent to a private interrogation of the second juror, but, Your Honor, there was no private interrogation of the second juror. All the judge commented on was a confirmation that the judge was going to strike that juror because he's having difficulty hearing. All the conversations with the juror regarding... Did Longan know that that was the basis for the strike? Your Honor, that's not in the record whether he knew or did not know. The counsel's statement on the record at 263 of the excerpts of the record is that Mr. Longan had no concerns with the conversation in the hallway, with not being present. I specifically advised him of his right to do so, and he indicated that he had no problem with my advice that he would decline the invitation. But he didn't know what was going on in the hallway, does he? Well, Your Honor, we don't know what counsel then told Mr. Longan later. So whether or not he did tell him about that second juror conversation, we don't know. But it's really more of a situation where it's a sidebar conference, and in fact, the peremptory challenges in this case were held at sidebar and were not audibly recorded. In the transcript, it says the peremptories were not audibly recorded. It's a similar type of situation. The judge saying, I'm going to strike juror Tipton because he's hard of hearing, is very similar to a peremptory, and that is not a critical stage that would require the defendant to . . . And again, the claim here is public trial, not right to be present, and I think we need to be specific on that. Because if you're looking at right to be present, that's a slightly different analysis. But when the claim is a public trial, the judge simply made a comment to counsel, I'm going to strike him. And then the judge actually on the record in the public courtroom said, I'm striking juror Tipton. And there was never any objection or invocation that that was done without any type of analysis under a public . . . The Supreme Court's never recognized a triviality exception here, right? That is . . . I believe that is correct, Your Honor. The Supreme Court has never recognized triviality. That's all been done by the circuit courts and the lower courts. Under 2254D, again, if the Supreme Court hasn't held it, then the state court's analysis and adjudication of the claim cannot be in unreasonable application of the Supreme Court case law. And in fact, the Supreme Court has never dealt with this particular situation, other than in Levine, where the court said there is no constitutional error. And in Weaver, where the court said if you don't object and you don't raise it in a direct appeal, the only way you can get relief is through a claim of ineffective assistance to counsel. So, I would say applying those two cases, Weaver and Levine, the claim still fails. Okay. For those reasons, Your Honor, unless the court has further questions, I would ask that the court affirm the district court's denial of the petition. Okay, thank you. Thank you. Thank you. I appreciate the court affording me a brief rebuttal. I'd like to first address the Weaver case. The government states the Weaver case does not support the assertions made by the government regarding Weaver and forfeiture of the right to public trials. The Supreme Court points out multiple times in that case that the defendant in that case raised the issue before the trial court, or did not raise the issue before the trial court, nor on direct appeal. Instead, they raised it on collateral attack for the first time. In this case, my client did raise it on direct appeal. And the precedent seems to indicate that as long as it's raised on direct appeal, that the issue is preserved. It doesn't have to be raised right there in the trial, as some other types of arguments do. Contrary to the government's position, this is a critical stage, and it can be distinguished from a sidebar. A sidebar is in view of the public. The sidebar allows the public to at least see what's going on, whereas in a back room, in a hallway that's non-public, that has to be distinguished. That has to be different than just simply being at a sidebar where the public is still in view of everything. Although there is no prior Supreme Court precedent, I disagree with the government's assertion that this court can't find that there's— ruling in my client's favor would be contrary to Supreme Court precedent. There's plenty of Supreme Court precedent that teaches that courtroom closure is to be avoided. There are some circumstances when it's justified, but in those cases, it has to be properly articulated. It has to be a valid reason that goes to the spirit of what's discussed in the Waller case. The other cases cited by the government, the Levine case, that's a criminal contempt case. That doesn't apply to what's happening here. There is not a lack of Supreme Court precedent here that would deter this court from granting relief for my client. Thank you very much, Your Honor. Thank you, counsel. The matter is submitted at this time. Thank you very much for your arguments.
judges: Paez, Bea, Royal